OPINION
{¶ 1} Appellants Kelly Hutzel and Barbara Hutzel, Kelly's mother, appeal the October 8, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, finding it was contrary to Kelly's best interest and welfare to return her to mother's home. Appellee is the Tuscarawas County Department of Job and Family Services ("the department").
 1. STATEMENT OF THE FACTS AND CASE {¶ 2} On April 19, 2002, a complaint was filed in the Tuscarawas County Court of Common Pleas, Juvenile Division, alleging Kelly was a delinquent child by reason of her commission of one count of disorderly conduct, in violation of R.C. 2917.11(A). Kelly appeared before the trial court on May 21, 2002. At that time, the trial court advised Kelly as to the contents of the complaint, her rights, and the consequences of an admission to the complaint and a finding of delinquency. Kelly acknowledged her understanding of her rights and the consequences of an admission, and executed a document which memorialized those rights. Kelly informed the trial court she fully understood the complaint and entered an admission thereto. The trial court scheduled the matter for dispositional hearing, and ordered Kelly to submit to a psychological evaluation.
 {¶ 3} The matter came on for disposition on October 4, 2002. After considering the psychological assessment as well as statements from Kelly's attorney; her parents; Kathy McCrea, a representative from the school Kelly attended; and Shawnee Dunlap of the juvenile probation department, the trial court found it was in Kelly's best interest to place her in the temporary custody of the department. The trial court memorialized its ruling via Judgment Entry filed October 8, 2002. It is from this judgment entry appellants appeal, raising the following assignments of error:
 {¶ 4} "I. The Juvenile Court Below Abused Its Discretion By Placing Kelly Hutzel In Foster Care That Was Not Intended To Correct The Delinquency Of Disorderly Conduct Arising From A Fight With Her Now Removed Brother.
 {¶ 5} "II. The Trial Court Erred In Entering An Order Of Placement With The Department When The Complaint And Summons Failed To Provide Notice Of This Potential Disposition.
 {¶ 6} "III. The Trial Court Erred In Failing To Require A Case Plan For The Child.
 {¶ 7} "IV. The Trial Court Erred In Failing To Advise The Child Of Her Right To A Record Expungement, And Her Right To Appeal."
 I. {¶ 8} In their first assignment of error, appellants maintain the trial court abused its discretion in placing Kelly in the temporary custody of the department.
 {¶ 9} R.C. Chapter 2151 governs the authority and procedures of the juvenile courts. Because the primary concern of this chapter is promoting the care of children, its provisions are to be construed liberally. In re Pryor (1993), 86 Ohio App.3d 327, 337. A reviewing court will not reverse the judgment of a juvenile court absent an abuse of discretion. In re William H. (1995), 105 Ohio App.3d 761, 767. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id. at 767-768.
 {¶ 10} R.C. 2152.19(A) provides: "If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition, in addition to any other disposition authorized or required by this chapter: (1) Any order that is authorized by section 2151.353 of the Revised Code for the care and protection of an abused, neglected, or dependent child; (2) Commit the child to the temporary custody of any school, camp, institution, or other facility operated for the care of delinquent children by the county, by a district organized under section2152.41 or 2151.65 of the Revised Code, or by a private agency or organization, within or without the state, that is authorized and qualified to provide the care, treatment, or placement required, including, but not limited to, a school, camp, or facility operated under section 2151.65 of the Revised Code. * * * (5) Commit the child to the custody of the court * * * (8) Make any further disposition that the court finds proper * * *"
 {¶ 11} Appellants submit the trial court's decision to place Kelly in foster care was unreasonable and arbitrary in light of the trial court's explicit statement the decision was not founded upon any concerns related to the underlying delinquency charge. Further, appellants argue the testimony established Kelly was behaving properly and doing well in school. Kelly's brother, the source of the problem, had been removed from the home. The psychological assessment recommended Kelly's continued residence with mother. Additionally, Kelly expressed the desire to remain with mother.
 {¶ 12} Although the evidence emphasized by appellants weighs in favor of a different disposition, the record contains evidence which supports the trial court's decision. The assessment revealed a history of escalating conflict in the home, alcohol abuse, sexual abuse, and significant physical and psychological issues. Mother reported Kelly did not respect authority, refused to listen, and was in trouble in school. The assessment concluded Kelly's issues and behavior were overshadowed by her brother's conduct. A constant conflict existed between Kelly, mother and the siblings. The assessment determined Kelly needed significant changes in her behavior, attitude, and supervision for her own well being as well as her rehabilitation.
 {¶ 13} Kathy McCrea, the representative from Kelly's school, testified at the dispositional hearing. McCrea reported Kelly's environment was having a negative impact upon her. Shawnee Dunlap of the juvenile probation department noted, despite the substantial effort the probation department had expended with the family, the department continued to receive calls regarding Kelly.
 {¶ 14} The trial court had the opportunity to observe Kelly, assess the consequences of her behavior, and to evaluate all the circumstances involved. R.C. 2152.19 authorizes the trial court to issue orders of disposition appropriate to each child. Based upon the foregoing, we find the trial court's decision to place Kelly in foster care does not constitute an abuse of discretion.
 {¶ 15} Appellants' first assignment of error is overruled.
 II. {¶ 16} In their second assignment of error, appellants contend the trial court erred in ordering Kelly be placed in foster care because the complaint and summons failed to provide notice of this potential disposition.
 {¶ 17} In support of their position, appellants rely upon R.C.2152.19(A)(1) and R.C. 2151.353(B). R.C. 2151.19(A)(1) permits the trial court to use the procedures and dispositions available in abuse, dependency and neglect cases with a child who had been adjudicated a delinquent child. R.C. 2151.353(B), which governs the disposition of abuse, neglect or dependent children, prohibits an order of temporary custody when the complaint alleging abuse, neglect or dependency fails to contain a prayer requesting such custody. Appellants conclude the lack of notice requires this Court to vacate the trial court's disposition and remand this matter for disposition consistent with the complaint filed herein. We disagree.
 {¶ 18} R.C. 2152.021 governs the filing of a complaint alleging delinquency. This statute does not contain the notice requirement found in R.C. 2151.27, which governs complaints alleging abuse, neglect or dependency. Juv. R. 29 requires the trial court to advise a juvenile, prior to accepting an admission to a complaint, of the nature of the allegations and the consequences of an admission, including the possible dispositions. At Kelly's arraignment on May 21, 2002, the trial court advised both Kelly and mother of the possible dispositions of the matter. The trial court specifically advised appellants of its authority to commit Kelly to the custody of the department. Tr. at 3.
 {¶ 19} Based upon the foregoing, appellants' second assignment of error is overruled.
 III. {¶ 20} In their third assignment of error, appellants submit the trial court erred in failing to require a case plan. A review of the record reveals the department filed a case plan for Kelly on October 8, 2002. Furthermore, counsel for mother advised the trial court mother had been receiving services from the department and was involved in the implementation of a family plan. Accordingly, we find the third assignment of error to be moot.
 IV. {¶ 21} In their fourth assignments of error, appellants assert the trial court erred in failing to advise Kelly of her right to appeal and right to a record expungement. A review of the record belies this assertion. At the arraignment and the dispositional hearing, the trial court advised Kelly and mother of Kelly's right to an appeal. Additionally, the trial court's October 8, 2002 Judgment Entry as well as five other judgment entries issued through the course of the proceedings, advised of the right to an expungement of the record.
 {¶ 22} Appellants' fourth assignment of error is overruled.
 {¶ 23} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, P.J.
Wise, J. and
Edwards, J. concur topic: grant of temporary custody in delinquency adjudication appropriate and authorized.